**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CAROLYN ALLMON                                                                                           PLAINTIFF

v.                                              NO. 4:05CV0788 JLH

SEARS, ROEBUCK and COMPANY                                                                DEFENDANT

**OPINION AND ORDER**

Sears, Roebuck, and Company has filed a motion to dismiss (Docket # 9) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Carolyn Allmon has failed to respond. For the reasons provided herein, Sears' motion to dismiss is GRANTED.

Rule 12(b)(6) provides that a motion to dismiss may be based on a party's "failure to state a claim upon which relief can be granted." Here, Sears contends that Allmon's Title VII claims are time-barred pursuant to 42 U.S.C. §2000e-5(f)(1) because Allmon filed her federal action against Sears more than ninety days after she received her right-to-sue letter from the Equal Employment Opportunity Commission.

A plaintiff who wishes to sue an employer for discrimination must file her claim in federal court within ninety days after the issuance of the right-to-sue letter by the EEOC. *Williams v. Thomson Corp.*, 383 F.3d 789, 790 (8th Cir. 2004). According to Allmon's complaint, she was discriminated against because of her race and sex by Sears. She filed an EEOC complaint on January 19, 2005, and received her right-to-sue letter on January 23, 2005. Allmon did not file the present action until May 24, 2005 - almost a month after the Title VII 90-day filing deadline had passed.

Equitable tolling will extend a deadline missed due to a plaintiff's excusable ignorance. *Briley v. Carlin*, 172 F.3d 567, 570 (8th Cir. 1999). However, courts have generally reserved the

remedy for circumstances that are "truly beyond the control of the plaintiff." *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir.1989). In the present case, Allmon has not filed a response, submitted any affidavits, or provided any evidence that would allow the Court to equitable toll the 90-day limitation period. Allmon has failed to show that circumstances beyond her control excused her from complying with the 90-day deadline. The Court finds that Allmon's complaint was filed beyond the limitation period and is thus time-barred.

The defendant's motion to dismiss plaintiff's complaint is GRANTED.

IT IS SO ORDERED this __22nd__ day of August, 2005.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE